# EXHIBIT A

This case has been designated as an e-filing case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Approved, SCAO

| | | |
|---|---|---|
| Original - Court | 2nd copy - Plaintiff | |
| 1st copy - Defendant | 3rd copy - Return | |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2018-170654-CD |
|---|---|---|

Court telephone no.

**Court address**
1200 N. Telegraph, Pontiac, MI 48341

**Plaintiff's name(s), address(es), and telephone no(s).**
Lindsay McLaughlin

v

**Defendant's name(s), address(es), and telephone no(s).**
City of Auburn Hills
1827 N. Squirrel Road
Auburn Hills, MI 48326

**Plaintiff's attorney, bar no., address, and telephone no.**
Eric I. Frankie (P47232)
535 Griswold, Ste. 111-542
Detroit, MI 48226
(248) 219-9205

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 1/7/2019 | 03/20/19 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.10

MC 01 (8/18) **SUMMONS**

**SUMMONS**
Case No. 2018-170654-CD

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ OFFICER CERTIFICATE     OR     ☐ AFFIDAVIT OF PROCESS SERVER

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled Fee $ | | TOTAL FEE $ |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled Fee $ | | |

Signature _____
Name (type or print) _____
Title _____ County, Michigan.

Subscribed and sworn to before me on ____ Date
My commission expires: ____ Date   Signature: ____ Deputy court clerk/Notary public
Notary public, State of Michigan, County of ____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with a/t/t Attachments on Monday January 7 2019 1:00 PM
Day, date, time
on behalf of City of Auburn Hills

X _Lauva Pierce_
Signature

JAN 7 1:23pm

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

| | |
|---|---|
| LINDSAY MCLAUGHLIN,<br>An individual,<br><br>Plaintiff,<br><br>v. | Case No.                    CD<br>Hon.<br>2018-170654-CD<br>JUDGE CHERYL A. MATTHEWS |
| CITY OF AUBURN HILLS,<br>A municipal corporation,<br><br>Defendant. | This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling. |

Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold, Suite 111-542
Detroit, MI 48226
(248) 219-9205

_____/

**COMPLAINT AND JURY DEMAND**

There is no civil action between these parties arising out of the
same transaction or occurrence as alleged in this Complaint pending
in this Court.  There is also no resolved civil action
between these parties arising out of the same transaction or
occurrence as alleged in this Complaint that was brought in
this Court.

Plaintiff Lindsay McLaughlin, by and through her attorney, Eric I. Frankie, states for her

Complaint against the Defendant City of Auburn Hills as follows:

1. At all relevant times to this Complaint Plaintiff Lindsay McLaughlin ("Plaintiff") was a

resident of the City of Sterling Heights, County of Macomb, State of Michigan.

2. Defendant City of Auburn Hills ("Defendant") is a Michigan municipal corporation, duly organized under the laws of the State of Michigan, doing business in the County of Oakland, State of Michigan.

3. This Court has jurisdiction over this matter pursuant to MCL 37.2801 and MCL 600.605 because this claim is based on the Michigan Civil Rights Act, MCL 37.2101 et seq., as well as the Michigan Persons With Disability Civil Rights Act MCL 37.1101 et seq., and the amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney's fees.

4. Venue is proper in this Court pursuant to MCL 37.2801.

## GENERAL ALLEGATIONS

5. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

6. Plaintiff is a thirty-one 31 year (DOB: 10/7/87) female with the qualifying disability of Chronic Failed Back Syndrome/Post Laminectomy Syndrome and Chronic Post Traumatic Stress Disorder.

7. Plaintiff was initially hired by Defendant in or about January 7, 2013 as an Elections Clerk.

8. At all relevant times, Plaintiff has met or exceeded Defendant's employment expectations.

9. On or about March 25, 2015, Plaintiff was first injured at work when she slipped and fell and sustained an L4-5/S1 disc herniation.

10. Plaintiff was initially treated at Crittenton Hospital and then had her first back surgery on August 31, 2015 which was performed by Dr. Bradley Ahlgren.

11. Plaintiff was off of work after her first back surgery from June, 2015 until October 7, 2015 due to her work related injuries. Plaintiff was paid workers' compensation benefits by Defendant's insurance carrier at the time, the Accident Fund.

12. After Plaintiff's first back surgery, her supervisor Terri Kowal ("Kowal") expressed open hostility towards her worker related injuries and need for accommodations.

13. Specifically, Kowal exclaimed in front of Defendant's entire office that an empty box was too heavy for her while also grabbing her back and crying out "I'll just claim workers comp for it!"

14. Similarly, Kowal warned Plaintiff that "I hired and I can fire you" and expressed her anger towards Plaintiff's need for time off due to her work related injuries by referring to her leave as a "vacation from work."

15. Plaintiff returned to work on October 7, 2015 with restrictions of lifting no more than 10 lbs., no repetitive lifting, bending, twisting, and breaks as needed.

16. On January 1, 2016, Defendant switched its workers' compensation insurance carrier from the Accident Fund to the Michigan Municipal League Workers Compensation insurance company.

17. The Accident Fund and the Michigan Municipal League Workers Compensation insurance company since Defendant's switch in workers' compensation insurance carriers have engaged in protracted litigation over responsibility for Plaintiff's injuries.

18. On January 25, 2016, Plaintiff injured her back a second time at work while bending down for a binder after moving heavy ballot boxes and voting machines.

19. Plaintiff was initially treated at Troy Beaumont and eventually had her second back surgery on March 30, 2016 when Dr. Bradley Ahlgren performed a relaminectomy and discectomy at the L4-5/S1 level.

20. Beginning January 1, 2016 and continuing thereafter, Kowal harassed Plaintiff because of her work related injuries. For example, Kowal stated many times that she should hurt her back at work so she could get a handicap placard while laughing at Plaintiff.

21. Further, Kowal and her successor Laura Pierce ("Pierce") repeatedly directed Plaintiff not to park in the handicapped spots in Defendant's front parking lots during bad weather conditions, which had caused Plaintiff's work-related injuries in the first place.

22. On October 4, 2016, Plaintiff returned to work with restrictions including, among other things, a 10 lbs. weight lifting limitation.

23. Beginning in or about July 19, 2017, Defendant by its Assistant City Manager Don Grice ("Grice"), expressed hostility towards Plaintiff's need for a 10 lbs. weight lifting restriction.

24. Specifically, on July 19, 2017, Grice told Plaintiff that Defendant was concerned that she might need a permanent restriction and that if Plaintiff did, she did not meet the requirements of her job.

25. Similarly, on July 19, 2017 Kowal, after berating Plaintiff, told her she was concerned with the 10 lbs. weight restriction and said "too bad you can only do 25 pounds, the election equipment is 26 pounds so I guess you can't do your job."

26. On August 29, 2017, Defendant, by its workers' compensation carrier, Michigan Municipal League Workers Compensation insurance company, had Plaintiff evaluated by Dr. Todd Francis for an IME.

27. Not surprisingly, Dr. Francis "determined" that Plaintiff's condition was not work-related. As a result of this report, on November 7, 2017, Defendant disputed Plaintiff's need for any ongoing workers' compensation benefits and/or restrictions.

28. On June 25, 2018, Plaintiff went off on a leave under the FMLA due to emotional difficulties caused by how she was treated by Defendant and her Post Tramatic Stress Syndrome from her back.

29. On September 21, 2018, Defendant terminated Plaintiff based on the false claim that Plaintiff had not provided sufficient documentation in support of her need to continue her medical leave by September 17, 2018.

## COUNT I-VIOLATIONS OF THE MCRA AND TITLE VII

30. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

31. The Michigan Civil Rights Act, MCL 37.2101 et seq., prohibits an employer from failing or refusing to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, family status, height, weight or marital status. MCL 37.2202(1)(a).

32. Title VII Of the Civil Rights Act of 1964 as amended, 42 USC 2000e et seq. prohibits discrimination based on gender. Plaintiff has exhausted her administrative remedies to bring this suit under Title VII by filing a charge of discrimination with the EEOC, No. 471-2018-03950, and receiving a Right to Sue Letter dated September 19, 2018.

33. Plaintiff is a member of a protected group because of her gender and weight.

34. Plaintiff was terminated and denied reasonable accommodations because of her gender and weight in violation the MCRA and Title VII.

## COUNT II-VIOLATIONS OF PDCRA AND ADA

35. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

36. The Michigan Persons with Disability Civil Rights Act, MCL 37.1101 et. seq., prohibits an employer from failing or refusing to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition or privilege of employment because of a qualifying disability.

37. The Americans with Disability Act of 1990, 42 USC 12101 et seq. prohibits an employer from discriminating against a person with a qualifying disability by refusing her reasonable accommodations and/or terminating her for her exercise of rights under the Act. Plaintiff has exhausted her administrative remedies to bring this suit under Title VII by filing a charge of discrimination with the EEOC, No. 471-2019-03950, and receiving a Right to Sue Letter dated September 19, 2018.

38. Plaintiff has the qualifying disabilities under the Michigan PDCRA and the ADA of Chronic Failed Back Syndrome/Post Laminectomy Syndrome and Chronic Post Traumatic Stress Disorder.

39. Plaintiff was denied reasonable accommodations and terminated by Defendant because of her qualifying disabilities and for requesting accommodations for same.

## COUNT III-WORKERS' COMPENSATION RETALIATION

40. Plaintiff restates and re-alleges each and every allegation and statement contained in the above paragraphs as if fully set forth herein.

41. Plaintiff has specifically requested that Defendant grant her benefits under the Michigan Workers' Disability Compensation Act.

42. In retaliation for Plaintiff's requests for Workers' Disability Compensation benefits, Defendant terminated Plaintiff, among other actions.

43. MCL 418.301(1) prohibits Defendant from discriminating against an employee such as Plaintiff for exercising rights under the Michigan Workers' Disability Compensation Act.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment against Defendant in whatever amount the trier of fact deems just in excess of Twenty-Five Thousand ($25,000.00) Dollars, together with interest, costs and attorney fees.

## DEMAND FOR JURY TRIAL

Plaintiff Lindsay McLaughlin by and through her attorney, Eric I. Frankie, hereby demands a Trial by Jury in the above-entitled action.

Respectfully submitted,

Dated: December 19, 2018

By: /s/Eric I. Frankie
Eric I. Frankie (P47232)
Attorney for Plaintiff
535 Griswold, Suite 111-542
Detroit, MI 48226
(248) 219-9205